IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER GOODVINE,

                Plaintiff,

v.

GARY ANKARLO, LIEUTENANT BOODRY,
OFFICER CONROY, JEFF HEISE, DR. JOHNSON,
OFFICER JULSON, DR. KUMKE, DR. McLARIN,
MICHAEL MEISNER, OFFICER MILLONIG,
CAPTAIN MORGAN, DR. NELSON, JANEL NICKEL,
OFFICER SCHNEIDER, OFFICER WILEY,
and OFFICER WITTERHOLT,

                Defendants.

OPINION AND ORDER

12-cv-134-wmc

---

On February 7, 2013, the court (1) partially granted plaintiff's motion for a preliminary injunction; and (2) solicited additional briefing as to whether an impartial expert psychologist should be appointed, with costs taxable to defendants. Both sides have responded, each nominating a proposed expert. Defendants also argue that an expert is unnecessary given plaintiff's extensive history of psychological and psychiatric evaluation and treatment. In the alternative, defendants argue that if an expert is deemed necessary, then both sides should bear a portion of the costs.

    **A.**    **Need for an Expert**

Federal Rule of Evidence 706(a) states that "[t]he court may on its own motion or on the motion of any party enter an order to show cause why expert witnesses should not be appointed." Expert witnesses are helpful "if scientific, technical, or other specialized

knowledge will assist the trier-of-fact to understand the evidence or decide a fact in issue." *Ledford v. Sullivan*, 105 F.3d 354, 358-59 (7th Cir. 1997). When a legal claim by its very nature requires expert testimony to establish all of the required elements for liability and the plaintiff cannot afford an expert, a court may in its discretion appoint a neutral assistant and charge the costs to the defendant. *Id.* In this case, the trier-of-fact is asked to determine if defendants exhibited deliberate indifference to a serious risk of harm to plaintiff. A prison official acts with "deliberate indifference" when (1) an inmate suffers an objectively intolerable risk of serious injury, and (2) the official knows of the substantial risk of harm to the inmate and intentionally fails to take reasonable steps to remedy it. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Arguing that an independent expert is unnecessary in this case, defendants contend that since well before this litigation began plaintiff has been under the care of numerous Department of Corrections' psychologists and psychiatrists, all of whom have treated and diagnosed him in a way mostly consistent with the diagnosis defendants now maintain is the correct one -- Dr. Maier's January, 2013, conclusion (confirmed by plaintiff's psychologist, Dr. Buhr) that plaintiff suffers primarily from antisocial personality disorder, and that his suicide attempts are entirely the product of efforts to manipulate staff rather than an uncontrollable mood disorder or any other mental disorder, disease or defect.

There are at least two reasons why this argument fails to convince the court that a neutral expert is unnecessary here. *First*, while plaintiff's medical file *may* (more or less) support Dr. Maier and Dr. Buhr's ultimate diagnosis, even to the court's untrained eye,

2

the file is far from the pillar of consistency defendants now suggest. On the contrary, plaintiff rightly points out that it is riddled with inconsistent, and at times, seemingly contradictory diagnoses. Plaintiff's treatment notes contain alternative diagnoses by other doctors and a history of prescribing mood-control medication to treat them while defendants would explain this away as incorrect and merely precautionary. Given plaintiff's medical history, there appears on this record the real possibility that a neutral expert might come to different conclusions. Even assuming that the examining doctors were completely neutral when they made their notes, the medical file will be presented and explained through the testimony of defendants' witnesses, meaning an alternative perspective may provide some counterpoint to the defendants' interpretations.

*Second*, for purposes of qualified immunity analysis, as important as the diagnosis given to plaintiff now and in the past is the question of whether defendants' refusal to put him in therapeutic restraints in the face of near certain cutting was and is a legitimate medical treatment. That question speaks to whether defendants acted with deliberate indifference in failing to restrain him when they knew he was capable of attempting suicide or cutting himself to the point of endangering his own life. Absent a legitimate therapeutic basis for this refusal, a trier-of-fact may decide that defendants intentionally failed to "take reasonable steps" to remedy a significant risk of serious harm. *Farmer*, 511 U.S. at 834.

Plaintiff's treating psychologist, Dr. Buhr, has testified that restraints will be bad for plaintiff's psychological growth and that the decision not to restrain him is part of a reasonable plan to help plaintiff to overcome his mental health problems in the long-

term, which outweighs the immediate risks. The empirical basis and medical soundness of this plan is the sort of factual question that a neutral expert may well be helpful in evaluating. Indeed, the question probably cannot be rationally decided without an expert's guidance, in which case it will be necessary to have more than one perspective. See *Ledford*, 105 F.3d at 358–59 (7th Cir. 1997) (distinguishing between deliberate indifference cases where an expert is unnecessary and those where the jury must consider "complex questions concerning medical diagnosis and judgment").

Finally, defendants express concern that an independent expert would intrude upon the adversarial system and present a risk that the court will give the expert's opinion undue weight. But these risks are present every time such a neutral expert is appointed, and yet the practice continues to be approved in the appropriate case. Moreover, given the plaintiff here is an impoverished inmate, even if an intelligent and capable one, with limited individual resources to join battle with the Wisconsin Departments of Correction and Justice in the sort of fully adversarial contest envisioned by our legal system, the court is not overly concerned about the impact of an appointment on the adversarial system. While the concern that a neutral expert's opinions may be given undue weight is more justified, and is something that the court will endeavor to keep in mind during these legal proceedings, neither concern is sufficient to dissuade the court in its belief that the appointment of a neutral expert may be beneficial to a just, fair and efficient resolution of this dispute.

### B. Apportioning of Costs

Federal Rule of Evidence 706(b) "grants a district court the discretion to apportion all the costs of an expert to one side." *Ledford*, 105 F.3d at 360. The court suggested apportioning all costs to defendants in light of plaintiff's impoverished state, but defendants now argue that plaintiff should bear some of the financial burden. This is a fair point, even though plaintiff has only $238.26 in his prisoner trust account and receives average monthly deposits of only $13.78, and the court looks to 28 U.S.C. § 1915(b) for guidance in this circumstance. Section 1915(b) applies in civil cases brought by prisoners and allows the court to take 20 percent of a prisoner's six-month average monthly balance when a case is filed, and levy a 20 percent tax on monthly income until the full filing fee is paid off. Rather than undertake the administrative headache of a monthly payment system, the court will assess a 50%, one-time tax on plaintiff's current trust account to help pay the upfront costs of retaining an appropriate expert. Should plaintiff ultimately prevail, no additional payment will be required. Should defendants ultimately prevail, the court will continue to levy a 10% charge against plaintiff's account until he has repaid his one-half share of the expert's fees up to the maximum amount of $5,000.

### C. Selection of the Expert

Given that both sides have suggested possible neutral experts, the court will consult them and appoint a neutral expert acceptable to both.

5

ORDER

IT IS ORDERED that:

(1) the court will appoint an independent expert in the field of psychiatry to assist in this case; and

(2) plaintiff will be assessed at one-time 50% tax on his prison account to help pay the expert's costs, and defendants will be responsible for the remainder up front. Should plaintiff ultimately prevail, no additional payment will be required. Should defendants ultimately prevail, the court will continue to levy a 10% charge against plaintiff's account until he has repaid his one-half share of the expert's fees up to the maximum amount of $5,000.

Entered this 21st day of March, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge