IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER GOODVINE,

                     Plaintiff,                      OPINION AND ORDER

    v.

                                             12-cv-134-wmc

GARY ANKARLO, LIEUTENANT BOODRY,
OFFICER CONROY, JEFF HEISE, DR. JOHNSON,
OFFICER JULSON, DR. KUMKE, DR. McLARIN,
MICHAEL MEISNER, OFFICER MILLONIG,
CAPTAIN MORGAN, DR. NELSON, JANEL NICKEL,
OFFICER SCHNEIDER, OFFICER WILEY,
and OFFICER WITTERHOLT,

                     Defendants.

---

      On March 21, 2013, this court entered an order determining that a neutral expert in the field of psychiatry shall be appointed to assist in this case. (Dkt. #70.) Having consulted the psychiatric experts nominated by plaintiff and defendants, Dr. Herzl Spiro and Dr. Robert Rawski, respectively, and received their joint recommendation of Brad E. R. Smith, MD, to serve as a neutral expert, the court will appoint Dr. Smith in that capacity.

      Dr. Smith is a full-time psychiatrist, who is board certified in adult psychiatry and forensic psychiatry and specializes in the assessment and treatment of complex or multiple mental health diagnoses. Currently in private practice, Dr. Smith previously served as Assistant Medical Director and Forensic Clinical Director at the Mendota Mental Health Institute in Madison, Wisconsin. Dr. Smith has agreed to assist the court

at his regular hourly rate of $400 per hour, subject to any reasonable discount that defendants might negotiate given the specific nature of the appointment here.

Having conferred preliminarily with Dr. Smith, the court is confident that Dr. Smith can provide unbiased opinion testimony, but his appointment is contingent on Dr. Smith confirming he has no conflicts after reviewing the names of all the principals in this matter. The initial scope of Dr. Smith's engagement will be to (1) review Christopher Goodvine's medical and psychiatric records, the court's preliminary injunction order (dkt. #59) and the court's order appointing an expert (dkt. #70); (2) if they are willing, consult with Goodvine and his treating physicians, psychiatrists and psychologists, as necessary; and (3) prepare a brief report stating his professional opinions in the following areas:

I. **Deliberate Indifference**

    A. Identify any aspect of the overall treatment strategy adopted by Goodvine's physicians, psychiatrists and psychologists in the past that appears to be inconsistent with accepted professional standards, particularly in light of Goodvine's history of cutting. *Holloway v. Delaware County Sheriff*, 700 F.3d 1063, 1074 (7th Cir. 2012).

    B. State whether the psychiatric and psychological diagnoses and treatment recommendations currently advanced by Dr. Nicholas Buhr, Goodvine's treating psychologist, and Dr. Gary Maier, Goodvine's treating psychiatrist, appear to be consistent with accepted professional standards. *Holloway v. Delaware County Sheriff*, 700 F.3d 1063, 1074 (7th Cir. 2012).

II.  Medical Malpractice

>State whether past medical decisions not to place Goodvine in restraints when he claimed to be suicidal constituted a failure to "exercise that degree of care and skill which is exercised by the average practitioner in the class to which he belongs, acting in the same or similar circumstances. *Sawyer v. Midelfort*, 227 Wis.2d 124, 149, 575 N.E.2d 423, 435 (1999).

In addition to the medical records on file (dkt. #57), each side shall submit to the court within 14 days of the issuance of this order all additional, written documentation of Goodvine's medical or psychological treatment, affidavits or other evidence they wish to present for Dr. Smith's review.  Upon receipt, the court shall send this evidence to Dr. Smith for consideration.

Finally, given the importance of Dr. Smith's opinions to issues now pending before the court on defendants' motion for summary judgment, the briefing schedule for that motion will be stayed until Smith's written report is produced and the parties have had an opportunity to depose him pursuant to Federal Rule of Evidence 706(a).  Under Rule 706(a), if the case proceeds to trial, Dr. Smith shall also be "subject to cross-examination by each party."

ORDER

IT IS ORDERED that:

(1) Brad E. R. Smith, MD, is appointed as a neutral psychiatric expert who will assist the court in this case.

(2) Dr. Smith shall be compensated at the established rate. He shall quarterly submit itemized bills to the court. The court will file the bills and provide the parties with 14 days to object. The court will then direct payment of the bill, in full or in part.

(3) Both sides shall submit to the court within 14 days of the issuance of this order copies of any additional written evidence they wish Dr. Smith to consider in rendering expert opinions in this matter. They must also serve a copy of such information upon the opposing side.

(4) The briefing schedule for summary judgment is stayed pending the production of Dr. Smith's written report.

Entered this 11th day of April, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge