IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER GOODVINE,

                      Plaintiff,                    OPINION AND ORDER

   v.

                                                         12-cv-134-wmc

GARY ANKARLO, LIEUTENANT BOODRY,
OFFICER CONROY, JEFF HEISE, DR. JOHNSON,
OFFICER JULSON, DR. KUMKE, DR. McLARIN,
MICHAEL MEISNER, OFFICER MILLONIG,
CAPTAIN MORGAN, DR. NELSON, JANEL NICKEL,
OFFICER SCHNEIDER, OFFICER WILEY,
and OFFICER WITTERHOLT,

                      Defendants.

---

      On March 21, 2013, this court entered an order determining that a neutral expert in the field of psychiatry shall be appointed to assist in this case. (Dkt. #70.) At the recommendation of the psychiatric experts nominated by plaintiff and defendants, Dr. Herzl Spiro and Dr. Robert Rawski, respectively, the court appointed Dr. Brad E. R. Smith to serve as a neutral expert. Dr. Smith subsequently determined that prior professional contact with some of the witnesses in this case would impair his ability to serve as a completely disinterested expert. Upon Dr. Smith's recommendation, the court will appoint another extremely well-qualified expert, Dr. Kenneth Robbins, in his stead.

      Dr. Kenneth Robbins is board certified in psychiatry and internal medicine, and is a Clinical Professor of Psychiatry at the University of Wisconsin-Madison. He is former President of the Wisconsin Psychiatric Association and is currently active in both the Wisconsin and American Psychiatric Associations. He has extensive experience in

advising defense attorneys, judges and prosecutors in criminal matters, and -- pertinent to this case -- has spoken in the field of suicide risk and prevention.

Dr. Robbins has agreed to assist the court at his regular hourly rate for government consulting. Based on preliminary discussions, Dr. Robbins appears to have no conflict of interest that would prevent him from serving as a neutral expert. The initial scope of his engagement will be to (1) review Christopher Goodvine's medical and psychiatric records (see dkt. #105 -- the court will provide a copy of the records CD to Dr. Robbins), Goodvine's supplemental statement (dkt. #107), the court's preliminary injunction order (dkt. #59) and the court's order appointing an expert (dkt. #70); (2) if they are willing, consult with Goodvine and his treating physicians, psychiatrists and psychologists, as necessary; and (3) prepare a brief report stating his professional opinions in the following areas:

I. **Deliberate Indifference**

   A. Identify any aspect of the overall treatment strategy adopted by Goodvine's physicians, psychiatrists and psychologists in the past that appears to be inconsistent with accepted professional standards, particularly in light of Goodvine's history of cutting. *Holloway v. Delaware County Sheriff*, 700 F.3d 1063, 1074 (7th Cir. 2012).

   B. State whether the psychiatric and psychological diagnoses and treatment recommendations currently advanced by Dr. Nicholas Buhr, Goodvine's treating psychologist, and Dr. Gary Maier, Goodvine's treating psychiatrist,

appear to be consistent with accepted professional standards. *Holloway v. Delaware County Sheriff*, 700 F.3d 1063, 1074 (7th Cir. 2012).

## II. Medical Malpractice

State whether past medical decisions not to place Goodvine in restraints when he claimed to be suicidal constituted a failure to "exercise that degree of care and skill which is exercised by the average practitioner in the class to which he belongs, acting in the same or similar circumstances. *Sawyer v. Midelfort*, 227 Wis.2d 124, 149, 575 N.E.2d 423, 435 (1999).

Finally, given the importance of Dr. Robbins' opinions to issues now pending before the court on defendants' motion for summary judgment, the briefing schedule for that motion will remain stayed until Robbins' written report is produced and the parties have had an opportunity to depose him pursuant to Federal Rule of Evidence 706(a). Under Rule 706(a), if the case proceeds to trial, Dr. Robbins shall also be "subject to cross-examination by each party."

ORDER

IT IS ORDERED that:

(1) The court's order appointing Dr. Brad Smith as a neutral expert (dkt. #97) is rescinded.

(2) Dr. Kenneth Robbins is appointed as a neutral psychiatric expert who will assist the court in this case.

(3) Dr. Robbins shall be compensated at his established rate of $350/hour. He shall quarterly submit itemized bills to the court. The court will file the bills and

provide the parties with 14 days to object. The court will then direct payment of the bill, in full or in part.

(4) The court will forward to Dr. Robbins the court's preliminary injunction order (dkt. #59), the court's order appointing an expert (dkt. #70), a copy of the CD containing Christopher Goodvine's medical files submitted by defendants (dkt. #105), and the sworn letter submitted by Mr. Goodvine (dkt. #107).

(5) The briefing schedule for summary judgment remains stayed pending the production of Dr. Robbins' written report.

Entered this 8th day of May, 2013.

                                                BY THE COURT:

                                                /s/

                                                _____
                                                WILLIAM M. CONLEY
                                                District Judge