IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHRISTOPHER GOODVINE,

                Plaintiff,                              ORDER

      v.                                                  12-cv-134-wmc

GARY ANKARLO, *et al.*,

                Defendants.

---

Plaintiff Christopher Goodvine filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights while incarcerated by the Wisconsin Department of Corrections ("WDOC") at the Columbia Correctional Institution ("CCI") in Portage. Goodvine primarily argued that defendants failed to take reasonable steps to prevent him from engaging in serious acts of self-harm. At a hearing on January 29, 2015, defendants made an oral motion for relief from a preliminary injunction entered in this case on February 7, 2013, which required the defendants to place Goodvine in: (1) observation status to ensure his safety "when he reports a strong urge to harm himself"; and (2) restraints when specific indications of a higher risk of self-harm are present. Goodvine has filed a brief in opposition, arguing persuasively that his safety would be jeopardized if the court were to lift this injunction entirely pending trial. At the same time, the court-appointed, neutral expert, Dr. Robbins, elaborated at his deposition not only on the inadequacy of these conditions for Mr. Goodvine's long-term mental health, but also on the limitations of the conditions even as a short-term response. As a result, the court will modify its preliminary injunction in two material respects set forth below. In light of plaintiff's representation that defendants have ignored this court's preliminary injunction on at least two specific occasions

in which he subsequently committed acts of self harm, the court will also issue an order to show cause why they should not be held in contempt.

After considering the defendants' argument at the hearing and plaintiff's brief in opposition, the court finds that Goodvine continues to satisfy the requirements for injunctive relief for the same reasons elaborated in its original preliminary injunction order. *See Wisconsin Right To Life, Inc. v. Barland*, 751 F.3d 804, 830 (7th Cir. 2014) ("To obtain a preliminary injunction, the moving party must show that it has '(1) no adequate remedy at law and will suffer irreparable harm if a preliminary injunction is denied and (2) some likelihood of success on the merits.'") (quoting *Ezell v. City of Chi.*, 651 F.3d 684, 694 (7th Cir. 2011)). In particular, the court finds that defendants have presented no evidence or convincing argument that sufficiently outweighs the continued risk of substantial harm that Goodvine would face if the preliminary injunction were lifted, unless as Dr. Robbins observed, Goodvine were actively participating in the DOC's formal Dialectical Behavior Therapy ("DBT") treatment program. Similarly, the court will relieve defendants of the requirement for physical restraints if countermanded by a psychologist who has seen Goodvine personally should the four specified conditions in the preliminary injunction again present themselves. Accordingly, defendants' motion will be denied with these modifications.

In light of Goodvine's and his counsel's repeated representations that defendants failed to adhere on both March 20 and August 20, 2014, with the requirement that Goodvine be placed in physical restraints if found (4) specified conditions in this court's preliminary injunction are met, defendants will also be required to explain in writing why they should not be held in contempt.

ORDER

IT IS ORDERED that:

1. Defendants' motion for relief from the preliminary injunction is DENIED with the following modifications:

    a. The requirements of the preliminary injunction shall not be in effect while plaintiff is an actual participant in a formal DBT treatment or after he has been deemed to have successfully completed such a program.

    b. The physical restraint requirement of the preliminary injunction shall be deemed satisfied if Goodvine is seen by a psychologist who then determines after considered judgment that restraints are not necessary at that time.

2. Defendants may have until March 27, 2015, to state in writing why they should not be held in contempt for failing to adhere to the requirement of this court's preliminary injunction that defendant be placed in physical restraints on March 20 and August 20, 2014. The court will determine if an evidentiary hearing is required after receipt of that response.

Entered this 6th day of March, 2015.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge